Argued December 9, 1966, affirmed January 10, 1967

# WALLACE v. BURGETT

422 P. 2d 270

*John R. Faust, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Cake, Jaureguy, Hardy, Buttler & McEwen, Portland.

*John F. Conway,* Portland, argued the cause for respondent. With him on the brief was Harold E. Graham, Portland.

Before MCALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

HOLMAN, J.

Plaintiff brought an action for the possession of a lot with two residences on it. Defendant pleaded

three affirmative defenses. The first two defenses were by way of estoppel and alleged investment of money by defendant in the purchase and improvement of the property. The first defense was based upon an alleged promise to permit defendant to reside on the premises as long as she should live, and the second upon an alleged promise that she should have a life estate in the property. The third defense was that of adverse possession. There was no evidence to sustain either the defense based on the alleged agreement for a life estate or the one based on adverse possession.

Plaintiff had been the wife of defendant's son during his lifetime. In 1948 the son and plaintiff were without a place to live and in difficult financial straits. Defendant advanced a thousand dollars as the down payment on the purchase of a home by plaintiff and her husband. Defendant lived with them on the purchased property from the date of purchase. She had not previously lived with them. The money advanced for the down payment was part of $1,200 received from the sale of property she owned in Minnesota and with which it was anticipated she would use to help provide herself with a home in Oregon.

The purchased premises had on it a house and garage. The garage was remodeled as a place for defendant to live. The work was done by the son and another of defendant's children over a period of years. In August, 1949, the son executed a note to defendant in the sum of $2,000. A memorandum on the note in defendant's handwriting indicated it included the $1,000 down payment on the purchase of the real property, plus $500 previously loaned defendant's son, plus $415 "loaned" on the cost of remodeling the garage, and $85 which was a monthly payment on the

purchase price. Plaintiff, the daughter-in-law, was never told of the existence of the note. Defendant moved from the house where plaintiff and defendant resided into the renovated garage in January, 1952, and occupied it as her home until the commencement of this action in 1965 without the payment of any rent. After receiving the note, defendant continued to advance money for the renovation and improvement of the structure in which she lived, and for some part payments on the purchase price of the property. The exact amount is difficult of ascertainment but probably amounted to another $1,000 to $1,500. The purchase contract on the home was paid out in 1956 and a deed received by plaintiff and defendant's son.

In 1958 the son died. In 1960 plaintiff remarried and moved away to reside with her new husband. In 1964 defendant built a storeroom upon the structure in which she resided. Defendant's other son, the one who helped renovate the structure in which defendant lived, testified as follows:

"\* \* \* \* \*

"Q (By Mr. Coblens) Was anything said that your mother would have a place to stay as long as she lived?

"A As —

"MR. CONWAY: When was that, Counsel please?

"THE COURT: Yes.

"Q (By Mr. Coblens) At the time that your mother put the thousand dollars down?

"A No. Truthfully, it wasn't said at that time.

"Q Was it said at any later time?

"A It was when we started to develop this little house.

"Q Who said it?

"A Well, my brother and I more or less agreed

to that because she was asked to put the money in and it turned out to be a considerable amount, and it was just said between us that 'She is old, that's her home,' and that's it.

"Q And she could have a place to live the rest of her life?

"A That's true."

\* \* \* \* \*

Defendant did not testify as to any conversation with her son or plaintiff relative to an agreement in accordance with her pleaded defenses. She introduced documentary evidence by way of letters signed by her son and receipts signed by plaintiff and her son for money, which referred to the structure in which she lived as "her house." After the trial judge had made his decision in favor of plaintiff and was attempting to explain it to defendant, who was 76 years of age and hard of hearing, she told him she understood she was one of the buyers and would have her name on the deed.

The trial judge based his decision in favor of plaintiff on the proposition that if any agreement was made it was made with defendant's son and not with plaintiff. Therefore, it was only a charge upon the son's interest in the property, which interest terminated upon his death because the property was held by him and plaintiff in tenancy by the entirety. We would prefer to decide it upon the proposition that the defendant did not carry the burden of proving the agreement she alleged. The taking of the note from her son was inconsistent with her theory that she advanced the money as consideration for an agreement by plaintiff and defendant's son that they would allow her to reside in the renovated structure the balance of her life. For the first time defendant urged

on appeal that a resulting trust was created by the investment of her money in the premises, or if not a resulting trust, an equitable lien. The same reasoning previously expressed as being applicable to the pleaded defenses is also applicable to these contentions.

The judgment of the trial court is affirmed.